USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/25/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
SAHIL PATEL,                                                 :  **ORDER DENYING PETITION**
                                                             :  **FOR WRIT OF HABEAS**
                Petitioner,       :  **CORPUS**
   -against-                                                :
                                                             :  19 Civ. 2901 (AKH)
UNITED STATES OF AMERICA,                                    :  14 Cr. 158 (AKH)
                                                             :
                Respondent.      :
                                                             :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Sahil Patel petitions this Court for a writ of habeas corpus to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Patel was sentenced to a total of 175 months' imprisonment and three years of supervised release following his guilty plea to conspiracy to commit extortion, conspiracy to impersonate a federal officer, conspiracy to commit wire fraud, and aggravated identity theft. ECF No. 61. For the reasons stated herein, Patel's petition is denied.

        A petitioner challenging his conviction on the basis of ineffective assistance of counsel must show "that counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). Patel raises four arguments in support of his claim that he received ineffective assistance of counsel. The first and second arguments concern counsel's advice to accept the plea. Patel contends that counsel coerced him to accept a plea by assuring him that he would be sentenced to 48 months or less. However, at his plea hearing, Patel said he understood that the appropriate sentence would be left up to the sentencing judge, that the

sentencing judge would only be limited by what the law requires, and that the judge was not bound by government's sentencing recommendation.[1] ECF No. 45 at 9:22-10:4, 15:11-16. Thus, the record contradicts Patel's claims. *See Muniz v. United States*, 360 F. Supp. 2d 574, 578-79 (S.D.N.Y. 2005) ("In the face of [petitioner's] unequivocal statements at his plea, his recent contradictory and bald assertion that his counsel failed to adequately advise him of his rights prior to entering his plea of guilty is insufficient to establish that his attorney provided ineffective representation.").

Patel's third and fourth arguments concern counsel's failure to clarify Patel's role in the criminal conspiracy. Patel contends that he was erroneously portrayed as a leader and organizer despite evidence to the contrary. This argument fails. On his direct appeal to the Second Circuit, Patel similarly argued that his sentence was procedurally unreasonable because the Court overstated his role in the criminal conspiracy. The Second Circuit rejected that argument. ECF No. 78. As the Second Circuit found, Patel said at sentencing that he did not have any objections to the presentencing report that described his role, and he could not show how the government's portrayal of his role had any unfair impact on his sentence. Thus, Patel can neither show that show that counsel's failure to challenge the characterization "fell below an objective standard of reasonableness," nor can he show prejudice. *See Strickland*, 466 U.S. at 687-88, 694.

---

[1] Prior to the plea hearing, the government proposed a guideline range of 151-181 months. ECF No. 45 at 15:11-20. This further contradicts Patel's claim that he thought he could receive a sentence of no more than 48 months.

Accordingly, Patel's petition for a writ of habeas corpus is denied. Because the motion makes no substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated: November 25, 2019
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge